

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARA GASPARYAN, | No. 15-71432 |
| Petitioner, | Agency No. A098-448-890 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2021[**]
Pasadena, California

Before:     TASHIMA, M. SMITH, and MURGUIA, Circuit Judges.

Ara Gasparyan, a native of the Soviet Union and citizen of Armenia,

petitions for review of a decision of the Board of Immigration Appeals (BIA),

dismissing his appeal of a decision of an Immigration Judge (IJ).  The IJ found

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Gasparyan not credible and thus denied his applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Gasparyan first challenges the IJ's reliance on the lack of evidence that he received legal status in Ukraine and the alleged inconsistency in his address. The BIA's conclusion that these were not significant considerations in the IJ's adverse credibility determination is supported by substantial evidence. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 891–92 (9th Cir.) ("'We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'") (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)), *cert. denied*, 141 S. Ct. 664 (2020). The IJ's statement that there was no evidence Gasparyan was granted permanent legal status in Ukraine was merely a statement of fact in the recitation of Gasparyan's background. Nor did the IJ "meaningfully rely" on the alleged discrepancy between Gasparyan's statement that he moved to Erebuni, a suburb of Yerevan, and his address in Yerevan.

2.      Gasparyan also challenges the IJ's reliance on court records showing he had no arrest history, arguing that there is no record of his arrests because the

2

arrests were illegal.  Nonetheless, the IJ further found that Gasparyan's testimony was inconsistent, stating initially that he went to the police department to obtain this arrest record, but when asked why he would go to the police if he feared them, he stated that he obtained the arrest record from the court.  This finding is supported by substantial evidence.

3.     Gasparyan further contends that the IJ erred in relying on the lack of evidence of his employment in Armenia from an Armenian authority, and his inability to "remember the name of the organization" in his oral testimony.  As to the first contention, the IJ stated that when Gasparyan was asked about his work book, he initially "indicated it does not exist," but then stated that he could get it, which the IJ found was an "internally inconsistent sentence."  This finding is supported by substantial evidence.

Gasparyan's inability to remember the name of his hotline organization also is supported by the record.  He argues that his inability to remember the name could have been due to nervousness, fatigue, or a temporary memory lapse and points out that he stated that he would remember it soon.  He also argues that the IJ found that he "was indeed the founder of the Yerevan 94 charitable organization." His arguments are not sufficient to establish the "'extraordinary circumstances'" required to overturn an adverse credibility determination.  *Iman v. Barr*, 972 F.3d

1058, 1064 (9th Cir. 2020) (quoting *Jin v. Holder*, 748 F.3d 959, 964 (9th Cir. 2014)). Instead, as the BIA found, these arguments are based on "suppositions" about his "internal mental state which are not clearly supported from the record."

**4.** We acknowledge Gasparyan's concern that the IJ's findings regarding his engagement and his "delay" in leaving Armenia are based on "impermissible speculation and conjecture." *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir. 2004). However, "[w]e afford a 'healthy measure of deference to agency credibility determinations,' mindful that 'IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access [sic] on review.'" *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)).

The petition for review is **DENIED**.[1]

---

[1] We need not address Gasparyan's contention that corroborative evidence is not required once the applicant is found credible because the agency's denial of relief was based on its adverse credibility finding.